CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 01, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DA'QUAN L. SAUNDERS,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:25-cv-00488** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **MR. WHITMAN, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

### ORDER

Da'Quan L. Saunders, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against multiple defendants, including defendant Allen, a former employee of the Virginia Department of Corrections (VDOC). On February 17, 2026, the Clerk entered default against Allen. The case is presently before the court on Allen's motion to set aside the entry of default, ECF No. 44, and Saunders's motion for default judgment against Allen, ECF No. 51. For the following reasons, Allen's motion is **GRANTED**, and Saunders's motion is **DENIED**.

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment. Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 130 (4th Cir. 2020). "The first step is the entry of default, which must be made by the clerk '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.'" Id. (alteration in original) (quoting Fed. R. Civ. P. 55(a). "The second step is the subsequent entry of a default judgment" under Rule 55(b). Id. (emphasis omitted); see also Husain v. Casino Control Comm'n, 265 F. App'x 130, 133 (3d Cir. 2008) (explaining that an entry of default "constitutes a general prerequisite for a subsequent default judgment").

Pursuant to Rule 55(c), a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When deciding whether to set aside an entry of default, courts may consider such factors as "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [opposing] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006). The United States Court of Appeals for the Fourth Circuit has long held that Rule 55(c) "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)). Consequently, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson, 411 F.2d at 130.

Here, the majority of the factors identified in Payne weigh in favor of setting aside the entry of default against Allen. The record indicates that Allen incorrectly assumed that the Office of the Attorney General (OAG) would automatically represent him in this case since he was employed by the VDOC at the time of the events alleged in the complaint. After being notified of the entry of default against him, Allen immediately contacted the OAG, and defense counsel promptly moved to set aside the entry of default. See ECF No. 44 (motion filed less than two weeks after the entry of default); see also Superior Performers, Inc. v. Thornton, 1:20-cv-00123, 2020 WL 6060978, at *3 (M.D.N.C. Oct. 14, 2020) (finding reasonably prompt action where the defendants moved to set aside the entry of default "less than two months following the entry of default and before [the plaintiff] moved for default judgment"); Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 718 (D. Md. 2001) (finding

2

reasonably prompt action where the defaulting party moved to set aside the entry of default thirty-two days after default was entered). Additionally, the court has no reason to believe that setting aside the entry of default would prejudice Saunders. "As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998); see also Colleton, 616 F.3d at 418–19 (noting that "no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action in every federal court") (footnote omitted). Finally, there is no history of dilatory action by Allen, and the court finds it unnecessary to impose any form of sanction at this time.

For the reasons stated, the court finds good cause to set aside the entry of default. Accordingly, Allen's motion, ECF No. 44, is **GRANTED**; the entry of default against Allen, ECF No. 43, is **VACATED**; and Allen's answer to the original complaint, ECF No. 46, is deemed timely filed. Additionally, having vacated the entry of default, Saunders's motion for default judgment against Allen, ECF No. 51, is **DENIED**.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: April 1, 2026

Michael F. Urbanski
U.S. District Judge
2026.04.01 14:11:29
-04'00'

Michael F. Urbanski
Senior United States District Judge

3